NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIAN WEI WU,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-666

Agency No.
A208-189-715

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025**

Before:     SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Xian Wei Wu, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Wu's testimony and documentary evidence as to his residential address in China, Wu's admission that he willingly returned to China after his alleged persecution on three occasions, and the implausibility surrounding Wu's religious practice in the United States. *See id.* at 1048-49 (adverse credibility determination supported under "the totality of the circumstances"). Wu's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Wu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We do not reach Wu's contentions regarding the IJ's additional credibility determinations because the BIA did not deny relief on those grounds. *See Kumar v. Garland*, 18 F.4th 1148, 1152-53 (9th Cir. 2021).

Substantial evidence also supports the agency's denial of Wu's CAT claim because it was based on the same evidence found not credible, and Wu does not point to any other evidence in the record that compels the conclusion that it is more

23-666

likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

The temporary stay of removal remains in place until the mandate issues. The motion to stay removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**